In re Sol & Sylvia KLAYMINC, Debtors.

VUITTON ET FILS, S.A., Plaintiff

v.

Sol & Sylvia KLAYMINC, Defendants.

Bankruptcy No. 83–01314–BKC–TCB.
Adv. No. 83–0857–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 24, 1984.

Bennett Cohn, Lakeworth, Fla., for defendants.

David Elkind, New York City, for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff claims over $280,000 damages from the debtors' infringement of plaintiff's trademark and has opposed the debtors' discharge with a barrage of charges. The matter was tried on December 6. I conclude that plaintiff's claim is excepted from discharge, but that plaintiff has failed to establish a ground for denial of discharge.

Plaintiff makes and markets expensive, high fashion handbags and luggage. In December, 1978, the debtors were each enjoined by the District Court for the Southern District of New York from infringing upon plaintiff's trademark. In July, 1982, the debtors were found guilty of contempt of that order. A further injunction was entered later that month.

At the same time, each of the debtors consented to a State court judgment in the amount of $100,000 in favor of plaintiff for the trademark infringement which provoked the federal injunction. A total of $87,550 remains payable on those judgments. Plaintiff claims in excess of $200,000 more as damages for trademark infringements subsequent to the final federal injunction.

Plaintiff's proof was obtained through an undercover investigator who testified and supported his evidence with transcriptions of conversations with each of the debtors. The debtors, though represented by counsel at trial, did not testify nor did they offer any other evidence.

Plaintiff seeks denial of discharge in Counts 3 through 6 under § 727(a)(2), (3), (4)(A), and (5).

■ On April 1 and 8, 1983, each of the debtors said in recorded telephone conversations that the debtor had secreted about $30,000 where no creditor could find it and that they would file for bankruptcy. They filed for bankruptcy three months later in July. There has been no disclosure in the bankruptcy proceeding of the $30,000. In other conversations, the debtors at various times admitted purchase, possession or control of a truck, merchandise, materials for the manufacture of ladies' bags and an interest in a Haitian partnership. None of these assets were surrendered to the trustee. From these conversations, plaintiff opposes discharge under § 727(a)(2) in Count 3 and opposes discharge under § 727(a)(4)(A), because this property was not disclosed in the debtors' bankruptcy schedules, under Count 5.

It is a fair inference from the schedules filed by the debtors that they conducted their business through four corporations, disclosed and identified in the schedules, and that the personal property referred to in the conversations was owned by one or more of the four corporations. The debtors state that a commercial lender foreclosed its lien against all of the assets of the corporations and took possession of those assets. The schedules are consistent with this contention.

Although plaintiff has proved that the debtors had the intent to defraud creditors, as well as the means to do so, plaintiff's proof falls short of its burden of proving that the debtors actually defrauded creditors. *Collier on Bankruptcy* (15th ed.) ¶ 727.02[5] n. 19. Plaintiff has made no effort to dispute the debtors' contention that the personal property was owned by the corporations and was seized by a creditor. I conclude that plaintiff has failed to carry its burden of proving either Count 3 or 5.

■ In conversations, the debtors admitted that they took in over $10,000 a week in the conduct of their business. The only records produced by the debtors have been their personal checkbooks. These records do not reflect the business activities. From this proof, plaintiff opposes discharge under § 727(a)(3) in Count 4 upon the ground that the debtor has concealed, destroyed or failed to keep records:

"from which the debtor's financial condition or business transactions might be ascertained."

As has been said, the debtors' bankruptcy schedules disclosed that the debtors' business was conducted through corporations. Those corporations are not in bankruptcy. It is plaintiff's burden to prove that the debtors have failed to keep records of "the *debtor's* financial condition or business transactions." That burden is not carried by the proof before me. There is no evidence that the debtors have ever been asked to produce the records of their corporations or that such records are incomplete. I cannot find that these debtors were under a duty to volunteer the records of their corporations, absent some evidence that either the trustee or some other party has requested those records. I conclude that plaintiff has failed to establish Count 4.

Count 6 is based upon plaintiff's allegation that the debtors have failed to explain a loss of assets under § 727(a)(5). The reference is to the assets presumably owned by one or more of the four corporations and, presumably, seized before bankruptcy by another creditor. Plaintiff has failed to establish Count 6.

Plaintiff seeks exception from discharge for its claim in Count 1 under § 523(a)(6) which excepts from discharge debts:

"for willful and malicious injury by the debtor ... to the property of another entity."

Injury to someone else's trademark is injury to someone else's "property" within the scope of this statutory provision. *Collier on Bankruptcy* (15th ed.) ¶ 523.16 n. 11. It is plaintiff's burden to prove that the injury was "willful and malicious". It was held in *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 245 (5th Cir.1983) that:

"We have defined 'willful and malicious' under section 523(a)(6) to mean 'without just cause or excuse.' Willful means intentional and malicious adds the absence of just cause or excuse."

Plaintiff has proved that the debtors continued to infringe upon plaintiff's trademark after the entry of the federal injunction against them. I find that they intentionally infringed plaintiff's trademark without any cause or excuse and, therefore, have willfully and maliciously injured plaintiff's property.

Plaintiff's liquidated damages ($87,550) are attributable to willful and malicious infringement. See *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 646 F.2d 800, 809–10 (2nd Cir.1981). The rest of plaintiff's claim attributable to willful and malicious infringement (in excess of $200,000) is presently unliquidated. As is authorized by 28 U.S.C. § 1471(d), I abstain from hearing and determining the amount, if any, of plaintiff's additional damages resulting from the debtors' infringement subsequent to the federal injunction of July 30, 1982, and as is authorized by § 362(d), the statutory stay imposed by § 362(a) is modified to permit plaintiff to proceed either in the District Court or in the State court in New York (as may be appropriate) to seek judgment on its unliquidated claim.

In Count 2, plaintiff alleges and plaintiff has proved that on July 13, 1982, the debtor compromised with plaintiff, plaintiff's claim for damages sustained to that date by consenting to the entry of the State court judgment in the amount of $100,000, by agreeing to pay that sum in installments and by pledging as security among other things, $60,000 worth of bonds and 200 shares of unlisted stock. There was no representation of the stock's value, if any, and there is no proof of any value. Plaintiff represented that he owned the bonds but that they were subject to a lien in an unstated amount. ¶ 5(c). There is no proof, however, that any part of this representation was false when made.

From the foregoing facts, plaintiff argues that its claim should, alternatively, be excepted from discharge under either § 523(a)(2)(A) or (B). I disagree. There is no proof from the foregoing circumstances that the debtors obtained anything from plaintiffs through "false pretenses, a false representation, or actual fraud" or through

a false financial statement. *Collier on Bankruptcy*, (15th ed.) ¶ 523.08 and 09.

The only basis for relief to the plaintiff, therefore, is under Count 1 and § 523(a)(6).

As is required by B.R. 9021(a), a separate judgment will be entered excepting from discharge plaintiff's claim for $87,550 plus an amount still to be determined for damages for infringement upon plaintiff's trademark and dismissing all of plaintiff's remaining counts with prejudice.

Costs may be taxed on motion.